**WO**                                                                                          RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heriberto Landeros-Lopez, ) | No. CV-06-2507-PHX-MHM (BPV) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

On October 20, 2006, Petitioner Heriberto Landeros-Lopez, confined under Arizona Department of Corrections custody in the Diamondback Correctional Facility in Watonga, Oklahoma, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis* with the Petition.

On October 30, 2006, the $5.00 filing fee was paid. However, because the payment of the filing fee did not come to the immediate attention of the Court, the Court issued an Order (Doc. #3) giving Petitioner 30 days from the October 30, 2006 filing date of the Order to file a properly executed and certified Application to Proceed *In Forma Pauperis*, using the form included with the Order, or to pay the $5.00 filing fee. Because Petitioner has paid the $5.00 filing fee, the Court will proceed to review the Petition.

**TERMPSREF**

- 1 -

**I. Petition**

Named as Respondent in the Petition is Dora B. Schriro. The Attorney General of the State of Arizona is named as an Additional Respondent.

In his Petition, Petitioner challenges his May 25, 2004 judgment of conviction for Probation Violation/Possession of Narcotic Drugs, entered in the Maricopa County Superior Court in matter 2002-011180/2003-07230-001DT.

The sole ground Petitioner presents in support of his request for habeas relief is that his Fifth Amendment rights were violated when the Arizona Superior Court Judge did not give credit for all the time Petitioner spent in county jail before sentencing and again when the Court refused to grant him his "Motion To Correct Sentence To Reflect Time Served."

Petitioner affirmatively alleges that the issue raised in Ground I was presented to the Arizona Supreme Court in his second post-conviction relief proceeding.

A review of the Petition indicates that an answer is required. 28 U.S.C. § 2254(a).

**II. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**B. Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible Dismissal**

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See

Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents **must answer** the Petition within 40 days of the date of service. Respondents may not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner **may file** a reply within 30 days from the date of service of the answer.

(4) This matter is **referred** to Magistrate Judge Bernardo P. Velasco pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 4th day of December, 2006.

_____
Mary H. Murguia
United States District Judge