IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HERIBERTO LANDEROS-LOPEZ )<br>                     )<br>         Petitioner, )<br> vs.                   )<br>                     )<br>                     )<br> DORA B. SCHRIRO, et al., )<br>                     )<br>         Respondents. )<br>_____)  | No.  CV 06-2507-PHX-MHM (BPV)<br><br> **REPORT AND RECOMMENDATION** |

On October 20, 2006, Heriberto Landeros-Lopez, ("Petitioner"), an inmate confined under Department of Corrections custody in the Diamondback Correctional Facility in Watonga, Oklahoma, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition"). (Doc. No. 1.) Named as Respondent in the Petition is Dora B. Schriro. The Attorney General of the State of Arizona is named as an additional Respondent. Respondents filed an Answer ("Answer") to the Petition on March 19, 2007, with exhibits A through KK attached. (Doc No. 10.)   No reply was filed.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

 For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

    **A.     Prior Convictions and Sentences:**

        *1.     Case Number CR 2002-006659*

1     On April 26, 2002, the State of Arizona ("State") charged Petitioner in CR 2002-006659 with possession or use of narcotic drugs, a class 4 felony (Count 1), and possession of drug paraphernalia, a class 6 felony (Count 2). (Answer, Ex. A.) The State alleged one prior felony conviction. (Answer, Ex. B.)

    On June 3, 2002, Petitioner entered a plea agreement to plead guilty to possession of narcotic drugs, a class 4 felony, and the State agreed to dismiss the allegation of a prior felony conviction and any allegation of probation at the time of sentencing. (Id., Ex. D.) The trial court accepted the Petitioner's plea on that same date. (Id., Ex. E.)

    On August 27, 2002, the trial court suspended imposition of sentence and placed Petitioner on probation for a term of 3 years. (Id., Ex. F.) As a condition of his probation, Petitioner was ordered to serve thirty (30) days in the county jail. (Id., at 2)

    On September 17, 2002, the trial court determined that Petitioner had violated the terms of his probation, based on a conviction in Cause Number CR 2002-011180, and set a disposition hearing. (Id., Ex. G.)

    At the disposition hearing, on November 15, 2002, the trial court reinstated Petitioner on intensive probation for 2 years and 11 months to date from November 15, 2002, including, as a condition of probation, 12 months "flat time" in the county jail, with "0 days" presentence incarceration credit. (Id., Ex. H, at 2)

    *2.     Case Number CR 2002-011180*

    On June 26, 2002, Petitioner was charged with one count of the sale or transportation of narcotic drugs, a class 2 felony. (Id., Ex. V.) The State alleged two prior felony convictions, but these allegations were struck after a hearing. (Id., Ex. W, X.)

    On September 17, 2002, Petitioner entered a guilty plea, without benefit of a plea agreement, to one count of sale or transportation of narcotic drugs, a class 2 felony.

- 2 -

(Id., Ex. Z.) The trial court accepted the Petitioner's plea on that same date. (Id., Ex. Z.)

On November 15, 2002, the trial court suspended imposition of sentence and placed Petitioner on intensive probation for a term of 7 years, beginning that same date. (Id., Ex. AA, at 2.) The trial court did not order any jail time as a condition of probation. (Id., Ex. AA.)

On April 22, 2004, the trial court determined that Petitioner had violated the terms of his probation, based on a conviction in Cause Number CR 2003-027230, and set a disposition hearing. (Id., Ex. BB.)

At the disposition hearing, on May 25, 2004, the trial court revoked probation, and sentenced Petitioner to an exceptionally mitigated, 3-year term of imprisonment which was to run consecutively to the sentence imposed in CR 2003-027230. (Id., Ex. CC, at 2) The trial court gave Petitioner credit for 337 days of presentence incarceration. (Id., Ex. CC at 2)

On January 12, 2005, Petitioner filed a "Motion to Correct Sentence to Reflect Credit for Time Served" in CR 2002-01180, arguing that the "1 year jail time" he served in conjunction with his probation in CR 2002-006659 should count as presentence incarceration credit in CR 2002-01180. (Id., Ex. DD.) The trial court denied the motion on March 22, 2005. (Id., Ex. EE.) The trial court denied a second motion to correct sentence (not included in this habeas record) on April 18, 2005. (Id, Ex. FF.)

*3.     Case Number CR 2003-027230*

Petitioner was indicted on December 31, 2003, with one count of promoting prison contraband, a class 2 felony. (Id., Ex. K.) The State alleged three prior felony convictions. (Id., Ex. L.)

On April 22, 2004, Petitioner entered a plea agreement to plead guilty to promoting prison contraband, a class 2 felony, and the State agreed to dismiss the

- 3 -

1  allegation of a prior felony conviction and any allegation of probation at the time of
2  sentencing. (Id., Ex. M.) The trial court accepted the Petitioner's plea on that same
3  date. (Id., Ex. N.)

4        On May 25, 2004, the trial court sentenced Petitioner, in accordance with the
5  plea agreement, to a mitigated, 6-year term in CR 2003-027230, to be served
6  consecutive to CR 2002-011180. (Id., Ex. O, at 6.) The trial court recorded "0 days"
7  presentence incarceration credit. (Id.)

8        **B.**     **Petition for Post-Conviction Relief**
9              *1.*     *Case Number CR 2002-006659*

10        On September 2, 2004, Petitioner filed a notice of post-conviction relief in CR
11  2002-006659, arguing a violation pursuant to *Blakely v. Washington*, 542 U.S. 296
12  (2004). (Answer, Ex. I.)

13              *2.*     *Case Number CR 2003-02730*

14        On August 3, 2004, Petitioner filed a notice of post-conviction relief in CR
15  2002-006659, arguing a violation pursuant to *Blakely, 542 U.S. 296.* (Answer, Ex. P.)
16        The trial court consolidated the Petitioner's post-conviction proceedings in CR
17  2002-006659 with his post-conviction proceedings in CR 2003-027230, and appointed
18  counsel to represent the Petitioner in his post-conviction proceedings. (Id., Ex. J.)

19        On November 22, 2004, appointed counsel, having reviewed the files and
20  finding no colorable claim for relief, filed a "Notice of Completion of Post-Conviction
21  Review by Counsel; Request for 45-Day Extension of Time to Allow Defendant to File
22  *Pro Per* Petition for Post-Conviction Relief." (Id., Ex. Q)

23        On November 29, 2004, the trial court granted Petitioner's request to permit the
24  filing of a *pro per* petition for post-conviction relief, and an extension of 45 days within
25  which to file. (Id., Ex. R.)

26        On January 12, 2005, Petitioner filed a petition for post-conviction relief in CR
27  2003-02730 only, arguing (1) the trial court erred by accepting the plea agreement even

28

after the court considered that such plea agreement was unfair and harsh; (2) the trial court erred by accepting a plea that was illegal since the defendant was ineffectively represented and was forced to sign the plea under false pretenses; and, (3) the trial court failed to proved the defendant at sentencing with a recommendation to the Board of Clemency under A.R.S. § 13-603(L) after disclosing that the sentence was unfair and harsh. (Answer, Ex. S, at 2-3.) The State filed a response on February 24, 2005. (Id., Ex. T.) On May 9, 2005, the trial court summarily dismissed the petition for post-conviction relief, finding that Petitioner had failed to raise any colorable claims. (Id., Ex. U.)

### C. Appeal

On June 6, 2005, Petitioner sought review of the denial of his motion to correct sentence, in CR 2002-011180, in the Arizona Court of Appeals. (Id., Ex. GG.) The Arizona Court of Appeals dismissed the matter as untimely filed, construing the Petitioner's request for sentence correction as a petition for post-conviction relief, denied by the trial court on April 18, 2005. (Id., Ex. HH.)

On July 20, 2005, Petitioner filed a petition for review in the Arizona Supreme Court. (Id., Ex. II.) The Arizona Supreme Court summarily denied review on December 8, 2005. (Id., Ex. JJ.)

### D. Federal Habeas

Petitioner filed the present petition for habeas corpus in the District Court on October 20, 2006. (Doc. No. 1)

## II. DISCUSSION

### A. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.[1] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir.1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy

---

[1] In the wake of *Bowles v. Russell*, --- U.S. ----, 127 S.Ct. 2360 (2007), the availability of equitable tolling is in question. This Court, however, need not resolve the issue because even assuming equitable tolling remains viable after *Bowles*, Petitioner does not satisfy the requirements for such tolling.

- 6 -

considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007).

### C.     Analysis

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely.  Petitioner had until one year after his convictions and sentences became final to file his federal petition.  Petitioner asserts that he did not receive credit for all the time he spent in jail before sentencing.  *See* Petition at 6.  Petitioner, however, has previously asserted this argument only in regards to case number CR 2002-01180.  *See* Petition and supporting documents (Doc. No. 1), see also Motion to Correct Sentence to Reflect Credit for Time Served, (Doc. No. 10, Ex. DD.) Petitioner, however, brings this Petition challenging both case numbers CR 2002-011180 and CR 2003-07230 (see Petition, at 1.) Petitioner's arguments are factually and legally related to both case numbers, however, and this Court will address the statute of limitations in each case.

####     *1.     Case Number CR 2003-07230*

Petitioner's conviction and sentence in CR 2003-07230 were based upon a guilty plea, and thus, under Arizona law, Petitioner's post-conviction relief proceedings were "of-right." *See* Rule 32.1, Az.R.Cr.P. Accordingly, AEDPA's statute of limitations did not begin to run until the conclusion of Petitioner's Rule 32 "of-right" proceedings. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding

- 7 -

1. and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."); *see also* 28 U.S.C. § 2244(d)(a)(A) (stating that a judgment becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review). Petitioner's conviction and sentence in CR 2003-07230 became final on June 8, 2005, thirty (30) days after the trail court summarily dismissed Petitioner's petition for post-conviction relief, when Petitioner's opportunity to petition the Arizona Court of Appeals for review had expired. *See* Rule 32.9(c), Ariz.R.Crim.P. (stating that defendant has 30 days after the filing of a decision to file a petition for review by the Arizona Court of Appeals). Although direct review is not normally complete until the time for filing a writ of certiorari to the United States Supreme Court has expired, *see Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), certiorari can only be sought following a decision or denial of discretionary review by the state court of last resort, *i.e.* the Arizona Supreme Court. *See* SupCt.R.13. Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, one year from June 8, 2005, absent statutory tolling.

### *2.     Case Number CR 2002-011180*

Respondents argue that Petitioner's conviction in CR 2002-01180 became final on November 15, 2002, the date of the original conviction and sentence, and not the date the trial court revoked probation and imposed sentence. This Court declines to adopt this date, as it fails to take into consideration several factors.

First, as Respondents concede, the Fifth Circuit in *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), which held that the one year statute of limitations began to run when the original order imposing probation was issued, limited that holding to instances where a petitioner challenges substantive issues relating to an original order of deferred adjudication probation or straight probation. Petitioner, in this habeas, is not challenging the original conviction and sentence of probation. Petitioner is challenging

- 8 -

1 the sentence imposed at the time his probation was revoked. Petitioner would not, at
2 the time of his conviction, or even one year from that date, have been able to foresee
3 that the trial court might make a sentencing error at the time the court revoked his
4 probation and imposed a prison sentence on Petitioner.

5       Second, under Rule 32.1 of the Arizona Rules of Criminal Procedure, any person
6 who admits a probation violation or whose probation was automatically violated based
7 upon a plea of guilty is also entitled to the right to file an "of-right" Rule 32 post-
8 conviction petition.

9       Accordingly, the trial court's judgment in Petitioner's probation revocation
10 proceedings became final when Petitioner's time to seek review following the May 25,
11 2004 disposition hearing expired. Under Rule 32.4(a), Petitioner had ninety (90) days
12 to seek review of the trial court's decision. Thus, the trial court's decision in CR 2002-
13 011180 became final on August 23, 2004. Accordingly, Petitioner was required to file
14 his petition for writ of habeas corpus within 1 year of the date his sentence became
15 final, *i.e.*, one year from August 23, 2004, absent statutory tolling.

16       Even if the Court were to give Petitioner the benefit of every doubt and deem
17 that pursuant to section 2244(d)(1)(D), the limitations period did not commence until
18 after resolution of Petitioner's motion to correct sentence, the instant Petition is still
19 untimely.

20       In such a scenario, the statute of limitations would have begun running thirty
21 days after the trial court denied the motion a second time, on April 18, 2005, and
22 Petitioner failed to file a timely petition for review. In this case, Petitioner's statute of
23 limitations under the AEDPA would have begun to run on May 18, 2005.

24     **D.    Statutory Tolling**

25       The only tolling events occurring after the limitations period started were the
26 filing of the petition for review to the Arizona Court of Appeals and the subsequent
27 petition for review and "especial action" to the Arizona Supreme Court. The AEDPA
28

1 allows for tolling during the time "which a properly filed application for State post-
2 conviction or other collateral review with respect to the pertinent judgment or claim is
3 pending...." 28 U.S.C. § 2244(d)(2).  An application contemplated by section
4 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with
5 the applicable laws and rules governing filings.  These usually prescribe, for example,
6 the form of the document, the time limits upon its delivery, the court and office in
7 which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8
8 (2000) (footnote omitted).  The United States Supreme Court has held that untimely
9 state post-conviction petitions are not "properly filed" under AEDPA, and do not toll
10 AEDPA's statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

11 Thus, unless there is a basis for equitably tolling the limitations period,
12 Petitioner's habeas petition, filed on October 20, 2006, is untimely.

13 **E.     Equitable Tolling**

14 Petitioner raises no grounds for equitable tolling in his petition, and did not file
15 a reply.  Petitioner does not make a sufficient showing that these are "extraordinary
16 circumstances" that caused the untimely filing of his Petition.  "A pro se petitioner's
17 lack of legal sophistication is not, by itself, an extraordinary circumstance warranting
18 equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  The
19 Magistrate Judge does not reach the Petitioner's or Respondents' alternate arguments
20 concerning procedural default or the merits of this case.

21 **III.    RECOMMENDATION**

22 This Court recommends that the District Court, after its independent review of
23 the record, dismiss this action in its entirety as untimely.

24 Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
25 within ten days after being served with a copy of this Report and Recommendation.  A
26 party may respond to another party's objections within ten days after being served with

27
28
- 10 -

1  a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed the parties should use the
2  following case number: **CIV 06-2507-PHX-MHM**.
3       If objections are not timely filed, then the parties' right to *de novo* review by the
4  District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d
5  1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).
6       DATED this 8th day of May, 2008.

*[signature]*
Bernardo P. Velasco
United States Magistrate Judge

- 11 -